IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| CERTUSBANK, N.A., as successor in interest to ATLANTIC SOUTHERN BANK,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN J. DUKES,<br><br>    Defendant. | CIVIL ACTION NO.<br><br>_____ |

## COMPLAINT

Plaintiff CertusBank, N.A. ("CertusBank"), as successor in interest to Atlantic Southern Bank ("Atlantic Southern") hereby files this Complaint (the "Complaint"), for damages against Defendant John J. Dukes ("Dukes" or "Defendant"), showing the Court as follows:

### Jurisdictional Allegations

1. Plaintiff CertusBank is a national banking association, with its principal place of business located in South Carolina.

2. Defendant Dukes is a citizen of the State of Georgia.

3. Dukes may be served at 5152 Rivoli Drive, Macon, Georgia 31210, or such other address where he may be found.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

5. Venue is appropriate in the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1391(a) and LR 3, M.D. Ga.

## Facts

A.      Loan No. 400165300 - Note 1

6.      On or about January 15, 2010, Dukes executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement* (as amended and/or modified from time to time, "Loan Agreement 1").

7.      A true and correct copy of Loan Agreement 1 is attached hereto as Exhibit A and incorporated herein by this reference.

8.      On or about January 15, 2010, Dukes executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $100,300.00 (as amended and/or modified from time to time, "Note 1").

9.      A true and correct copy of Note 1 is attached hereto as Exhibit B and incorporated herein by this reference.

10.     CertusBank is the current holder of Note 1, Guaranty 1, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "Note 1 Loan Documents") by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

11.     Note 1 matured on December 15, 2012 (the "Note 1 Maturity Date").

12.     Dukes defaulted under Note 1 by failing to pay amounts owed thereunder as and when such amounts became due.

13.     On or about July 20, 2012, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 1 Loan Documents to Dukes via Certified Mail and regular First Class Mail ("Demand Letter 1").

14. A true and correct copy of Demand Letter 1 is attached hereto as <u>Exhibit C</u> and is incorporated herein by this reference.

15. In Demand Letter 1, Plaintiff provided notice to Defendant pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 1 providing for payment of attorneys' fees would be enforced if the amount due and owing under Note 1 were not paid within ten (10) days of receipt thereof.

**B.  Loan No. 400729600 - Note 2**

16. On or about January 15, 2010, Dukes executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement* (as amended and/or modified from time to time, "<u>Loan Agreement 2</u>").

17. A true and correct copy of Loan Agreement 2 is attached hereto as <u>Exhibit D</u> and incorporated herein by this reference.

18. On or about January 15, 2010, Dukes executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $161,324.00 (as amended and/or modified from time to time, "<u>Note 2</u>").

19. A true and correct copy of Note 2 is attached hereto as <u>Exhibit E</u> and incorporated herein by this reference.

20. CertusBank is the current holder of Loan Agreement 2, Note 2, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "<u>Note 2 Loan Documents</u>") by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

21. Note 2 matured on January 15, 2011 (the "<u>Note 2 Maturity Date</u>").

22. Dukes defaulted under Note 2 by failing to pay amounts owed thereunder as and when such amounts became due.

23. On or about July 20, 2012, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 2 Loan Documents to Dukes via Certified Mail and regular First Class Mail ("Demand Letter 2").

24. A true and correct copy of Demand Letter 2 is attached hereto as Exhibit F and is incorporated herein by this reference.

25. In Demand Letter 2, Plaintiff provided notice to Defendant pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 2 providing for payment of attorneys' fees would be enforced if the amount due and owing under Note 2 were not paid within ten (10) days of receipt thereof.

C. Loan No. 401741000 - Note 3

26. On or about November 6, 2009, Dukes executed and delivered to Atlantic Southern that certain *Commercial Loan Agreement* (as amended and/or modified from time to time, "Loan Agreement 3", and together with Loan Agreement 1 and Loan Agreement 2, collectively, the "Loan Agreements").

27. A true and correct copy of Loan Agreement 3 is attached hereto as Exhibit G and incorporated herein by this reference.

28. On or about November 6, 2009, Dukes executed and delivered to Atlantic Southern a certain *Promissory Note* in favor of Atlantic Southern, in the principal amount of $150,600.00 (as amended and/or modified from time to time, "Note 3", and together with Note 1 and Note 2, collectively the "Notes").

29. A true and correct copy of Note 3 is attached hereto as <u>Exhibit H</u> and incorporated herein by this reference.

30. CertusBank is the current holder of Loan Agreement 3, Note 3, and any and all documents, instruments, and agreements executed in connection therewith (collectively, the "<u>Note 3 Loan Documents</u>")(hereinafter the Note 1 Loan Documents, the Note 2 Loan Documents, and the Note 3 Loan Documents shall be collectively referred to herein as the "<u>Loan Documents</u>") by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern.

31. Note 3 matured on November 6, 2010 (the "<u>Note 3 Maturity Date</u>").

32. Dukes defaulted under Note 3 by failing to pay amounts owed thereunder as and when such amounts became due.

33. On or about July 20, 2012, Plaintiff, by and through its counsel, sent notice of non-payment and demand for payment under the Note 3 Loan Documents to Dukes via Certified Mail and regular First Class Mail ("<u>Demand Letter 3</u>").

34. A true and correct copy of Demand Letter 3 is attached hereto as <u>Exhibit I</u> and is incorporated herein by this reference.

35. In Demand Letter 3, Plaintiff provided notice to Defendant pursuant to O.C.G.A. § 13-1-11 that the provisions of Note 3 providing for payment of attorneys' fees would be enforced if the amount due and owing under Note 1 were not paid within ten (10) days of receipt thereof.

<u>**Count I**</u>

**ACTION ON NOTES**

36. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

37. Dukes executed each of the Notes.

38. The Notes are valid and enforceable against Dukes.

39. Dukes defaulted under the terms of the Notes and said defaults are continuing.

40. As of October 24, 2013, Dukes is indebted to CertusBank under Note 1 in the amount of $87,959.70, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

41. As of October 24, 2013, Dukes is indebted to CertusBank under Note 2 in the amount of $55,233.86, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

42. As of October 24, 2013, Dukes is indebted to CertusBank under Note 3 in the amount of $53,281.96, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

43. CertusBank is entitled to recover from Dukes all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $196,475.52 due and payable under the Notes as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count II

### BREACH OF CONTRACT

44. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

45. Dukes breached his obligations under the Notes by failing to make payments as and when due, including, without limitation, full payment upon the respective Maturity Dates for each of the Notes.

46. As a result of the breaches of contract described above, Dukes is liable to CertusBank for the indebtedness due and owing under the Notes, which remains unpaid.

47. CertusBank was damaged as a result of the breaches of contract described above.

48. CertusBank is entitled to recover from Dukes all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $196,475.52 due and payable under the Notes as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count III

### MONEY HAD AND RECEIVED

49. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

50. Dukes received money advanced under the Notes.

51. Dukes promised to pay the full principal amount of the Notes pursuant to the terms of the Notes.

52. Despite demand by CertusBank for payment, Dukes has not paid CertusBank amounts due and owing under the Notes.

53. Dukes is not entitled, in good conscience, to retain the money advanced under the Notes.

54. Dukes is obliged by the ties of natural justice and equity to remit to CertusBank all monies advanced under the Notes.

55. CertusBank is entitled to recover from Dukes all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $196,475.52 due and payable under the Notes as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count IV

### UNJUST ENRICHMENT

56. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

57. Atlantic Southern provided Dukes a valuable service by advancing money to Dukes under the Notes.

58. Dukes requested and knowingly accepted the benefits accruing under the Notes.

59. Receipt by Dukes of the aforementioned benefits would be unjust without compensating CertusBank.

60. Dukes have been unjustly enriched in the amount of the outstanding unpaid principal and interest under the Notes, plus expenses, costs, and attorneys' fees.

61. Dukes, in fairness and good conscience, should remit to CertusBank the extent of the value conferred, which includes all amounts due, owing, and accruing under the Notes and applicable law, including but not limited to, the aggregate amount of $196,475.52 due and payable under the Notes as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue.

## Count V

### ATTORNEYS' FEES AND LITIGATION COSTS

62. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference as if fully set forth herein.

63. Section 7 of each of the Notes provides, *inter alia*, that, "This Note is further governed by the Commercial Loan Agreement executed between [Dukes] and [Atlantic Southern] as part of this Loan, as modified, amended, or supplemented."

64. Section 9 of each of the Loan Agreements provides, *inter alia*, that, if Dukes' indebtedness thereunder "is collected by or through an attorney after maturity, [Dukes] agree[s] to pay 15 percent of the Principal and interest owing as attorneys' fees."

65. Pursuant to O.C.G.A. § 13-1-11, CertusBank made demand upon Dukes for all amounts owing under the Loan Documents and advised that failure to pay the same will cause the provisions of the Notes providing for attorneys' fees to be enforced.

66. As of the date of this Complaint, Dukes has failed to pay CertusBank the amounts outstanding under the Notes.

67. CertusBank is entitled to recover from Dukes its attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law.

**WHEREFORE,** CertusBank respectfully requests that the Court enter judgment in favor of CertusBank and against Dukes as follows:

(a) As to <u>Count I</u>: Judgment against Dukes for action on the Notes in the total amount of $196,475.52 as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(b) As to <u>Count II</u>: Judgment against Dukes for breach of contract in the total amount of $196,475.52 as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(c) As to <u>Count III</u>: Recovery of money had and received by Dukes, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents, in the total amount of $196,475.52 as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(d) As to <u>Count IV</u>: Reimbursement by Dukes to CertusBank for unjust enrichment, to the extent of the value conferred, which includes all amounts due, owing, and accruing under the Loan Documents in the total amount of $196,475.52 as of October 24, 2013, plus further interest, expenses, costs, and attorneys' fees as the same have accrued and continue to accrue under the Notes and related Loan Documents;

(e) As to <u>Count V</u>: Judgment against Dukes for CertusBank's attorneys' fees and expenses in connection with enforcing its rights under the Loan Documents to the fullest extent permitted under O.C.G.A. § 13-1-11 and Georgia law; and

(f) Any and all other relief the Court deems just, equitable and proper.

Dated: October 24, 2013.                Respectfully submitted,

<u>*s/ Sean A. Gordon*</u>
Sean A. Gordon
Georgia Bar No. 777350
**GREENBERG TRAURIG, LLP**
Terminus 200
3333 Piedmont Road, N.E.
Suite 2500
Atlanta, Georgia 30305
(678) 553-2100 *Telephone*
(678) 553-2212 *Facsimile*
Email: gordonsa@gtlaw.com

*Attorneys for Plaintiff*