IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CERTUSBANK, N.A., | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-408 (MTT) |
| | ) |
| JOHN J. DUKES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on the Plaintiff's motion for default judgment. (Doc. 8). For the following reasons, the motion is **GRANTED**.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

**A.  Loan Number 400165300**

On January 15, 2010, Defendant John Dukes entered into a commercial loan agreement with Atlantic Southern. (Docs. 1 at ¶ 6; 1-1). On the same date, Dukes executed a promissory note in favor of Atlantic Southern for $100,300.00 ("Note 1"), which provides it is governed by the terms and conditions of the commercial loan agreement. (Docs. 1 at ¶ 8; 1-2 at ¶ 7). Dukes defaulted on Note 1 and the corresponding loan agreement by failing to make payments when they were due. (Doc. 1 at ¶ 12).

On July 20, 2012, the Plaintiff sent a demand for payment of the amount due under Note 1 to Dukes via certified mail and regular first class mail. (Docs. 1 at ¶ 13; 1-3). In this letter, the Plaintiff provided Dukes notice pursuant to O.C.G.A. § 13-1-11 that

the loan agreement's provision for payment of attorneys' fees would be enforced if the amount due under the note was not paid within ten days of receipt.  (Docs. 1 at ¶ 15; 1-3).

### B. Loan Number 400729600

On January 15, 2010, Dukes entered into another commercial loan agreement with Atlantic Southern.  (Docs. 1 at ¶ 16; 1-4).  On the same date, Dukes executed a promissory note in favor of Atlantic Southern for $161,324.00 ("Note 2"), which provides it is governed by the terms and conditions of the commercial loan agreement.  (Docs. 1 at ¶ 18; 1-5 at ¶ 7).  Dukes defaulted on Note 2 and the corresponding loan agreement by failing to make payments when they were due.  (Doc. 1 at ¶ 22).

On July 20, 2012, the Plaintiff sent Dukes a demand for payment of the amount due under Note 2 via certified mail and regular first class mail.  (Docs. 1 at ¶ 23; 1-6).  In this letter, the Plaintiff provided Dukes notice pursuant to O.C.G.A. § 13-1-11 that the loan agreement's provision for payment of attorneys' fees would be enforced if the amount due under the note was not paid within ten days of receipt.  (Docs. 1 at ¶ 25; 1-6).

### C. Loan Number 401741000

On November 6, 2009, Dukes entered into a commercial loan agreement with Atlantic Southern.  (Docs. 1 at ¶ 26; 1-7).  On the same date, Dukes executed a promissory note in favor of Atlantic Southern for $150,600.00 ("Note 3"), which provides it is governed by the terms and conditions of the commercial loan agreement.  (Docs. 1 at ¶ 28; 1-8 at ¶ 7).  Dukes defaulted on Note 3 and the corresponding loan agreement by failing to make payments when they were due.  (Doc. 1 at ¶ 32).

On July 20, 2012, the Plaintiff sent Dukes a demand for payment of the amount due under Note 3 by certified mail and regular first class mail. (Docs. 1 at ¶ 33; 1-9). In this letter, the Plaintiff provided Dukes notice pursuant to O.C.G.A. § 13-1-11 that the loan agreement's provision for payment of attorneys' fees would be enforced if the amount due under the note was not paid within ten days of receipt. (Docs. 1 at ¶ 35; 1-9).

Plaintiff CertusBank is the current holder of Notes 1, 2, and 3 by virtue of purchase and assignment from the FDIC as receiver for Atlantic Southern. (Doc. 1 at ¶¶ 10, 20, 30). The Plaintiff filed suit against the Defendant on October 24, 2013, seeking to recover amounts due pursuant to the three promissory notes and commercial loan agreements, as well as costs and attorneys' fees.[1] (Doc. 1). On October 28, 2013, the Defendant was personally served at his residence with a summons and copy of the complaint. (Docs. 5; 6-1 at ¶ 6). The Defendant has failed to plead or otherwise defend the suit. On December 16, 2013, the Clerk entered default against the Defendant. The Plaintiff now moves the Court for an entry of default judgment. The Defendant has not responded to the motion.

## II.   DISCUSSION

Pursuant to Fed. R. Civ. P. 55(a), the Clerk must enter a party's default if that party's failure to plead or otherwise defend an action against it "is shown by affidavit or otherwise." After default has been entered, the Clerk may enter a default judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be made certain by computation," as long as the party is not a minor or incompetent and has not made an appearance. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to

---

[1] The complaint lists several causes of action, but they all seek identical recovery.

the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court must hold an evidentiary hearing to determine damages unless all the essential evidence is already on the record. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also* Fed. R. Civ. P. 55(b)(2).

After the Clerk's entry of default, the defendant is deemed to admit all well-pleaded factual allegations in the complaint. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] An entry of default against the defendant does not establish the plaintiff is entitled to a default judgment, however. The defendant is not deemed to admit facts that are not well-pleaded or admit conclusions of law. *Id.* "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law. In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages." *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353 (S.D. Ga. 2004)). The defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages. *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters … .").

The complaint establishes the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and that the Court has personal jurisdiction over the Defendant. (Doc. 1 at ¶¶ 1-4).

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

**A. Liability on Promissory Notes and Loan Agreements**

A party claiming breach of contract under Georgia law has the burden of establishing: (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to the contract terms. *Imps. Serv. Corp. v. GP Chems. Equity, LLC*, 652 F. Supp. 2d 1292, 1300 (N.D. Ga. 2009). "Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) the resultant damages to the party who has the right to complain about the contract being broken." *Id.* (internal quotation marks and citation omitted).

In an action to recover amounts due on promissory notes under Georgia law, a Plaintiff is entitled to judgment as a matter of law if the record shows that the promissory notes were executed by the Defendant and that the Defendant is in default unless the Defendant produces or points to evidence in the record that establishes an affirmative defense. *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006).

The Court finds the factual allegations in the complaint and the loan documents attached, deemed admitted by the Defendant, establish the Plaintiff has a right to recover amounts due pursuant to the promissory notes and loan agreements.

**B. Damages**

No evidentiary hearing is necessary to determine damages because there is enough evidence on record. The evidence shows Dukes is liable for $197,974.27[3] in

---

[3] As of January 15, 2014, the aggregate principal due on Notes 1, 2, and 3 is $62,519.91, the aggregate interest due on Notes 1, 2, and 3 is $59,671.14, and the accrued charges and late fees are $75,279.64. (Doc. 8-1 at ¶ 41). Interest continues to accrue at per diem interest rates

principal, accrued interest, and late charges and fees on Notes 1, 2, and 3.  (Doc. 8-1 at ¶¶ 41-44).

### C. Attorneys' Fees

The Court can also determine attorneys' fees without an evidentiary hearing because there is a statutory formula for their calculation.  All three commercial loan agreements for the loans at issue provide: "If this debt is collected by or through an attorney after maturity, I [Dukes] agree to pay 15 percent of the Principal and interest owing as attorneys' fees."  (Docs. 1-1 at ¶ 9; 1-4 at ¶ 9; 1-7 at ¶ 9).

Pursuant to O.C.G.A. § 13-1-11(a), "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness … shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity."  If the provision provides for attorneys' fees in the amount of a percentage of the principal and interest due, "such provision and obligation shall be valid and enforceable up to but not in excess of 15 percent of the principal and interest owing on said note or other evidence of indebtedness."  O.C.G.A. § 13-1-11(a)(1).

A party seeking to collect attorneys' fees allowed by this statute must give the debtor written notice after maturity, and the notice must state the debtor has ten days to pay the principal and interest due without being liable for attorneys' fees.  O.C.G.A. § 13-1-11(a)(3).  If all these requirements are met, the provision for attorneys' fees is enforceable.  *TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003).

---

of $10.41 for Note 1, $0.50 for Note 2, and $1.08 for Note 3.  (Doc. 8-1 at ¶ 42).  Forty-two days have elapsed from January 15 to the date of this Order.

-7-

The factual allegations in the complaint and attached demand letters show the above requirements have been met. Therefore, pursuant to the terms of the loan agreements, Dukes is liable for attorneys' fees in the amount of $18,404.19, which is 15% of the principal and accrued interest due on the loans.

### III. CONCLUSION

The Plaintiff's motion for default judgment (Doc. 8) is **GRANTED**. Dukes is liable for $216,378.46, which includes principal due on the loans, accrued interest to date, late charges, and attorneys' fees.

**SO ORDERED**, this 26th day of February, 2014.

<div style="margin-left:auto">
S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
</div>